**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1501

CESAR JAVIER MERAZ-GONZALEZ,

        Petitioner,

     v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 30, 2023                  Decided:  February 16, 2023

Before AGEE and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Keith I. McManus, Assistant Director, Spencer S. Shucard, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Javier Meraz-Gonzalez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have thoroughly reviewed the record and conclude that the evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Because the Immigration Judge presided over the merits hearing and issued the order of removal from the immigration court in Fort Worth, Texas, venue was proper in the Court of Appeals for the Fifth Circuit. *Herrera-Alcala v. Garland*, 39 F.4th 233, 241-43 (4th Cir. 2022) (under 8 U.S.C. § 1252(b), venue depends on location of immigration judge). We conclude that transfer to that circuit court would not be in the interest of justice. *See Sorcia v. Holder*, 643 F.3d 117, 123-24 (4th Cir. 2011).

2